## Seddon *v*. Bickley, Appellant.

[Marked to be reported.]

*Negligence—Gang plank on steamboat—Mere accident.*

The presence of the gang plank of a steamboat lying flat upon its surface in the usual place on the deck of the vessel, across the path to a staircase leading from the lower to the upper deck, is not a fact sufficient in itself to entitle a passenger who has stumbled over the plank to recover damages from the owner of the steamboat for the injury sustained.

MR. JUSTICE STERRETT dissented.

Argued Jan. 11, 1893. Appeal, No. 106, July T., 1892, by defendant, Mortimer H. Bickley, from judgment of C. P. No. 1, Philadelphia Co., June T., 1891, No. 988, on verdict for plaintiff, Mary Seddon. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for personal injuries.

The facts, as they appeared at the trial before BIDDLE, J., are stated in the opinion of the Supreme Court.

Defendant's points were among others as follows:

" 3. The plaintiff can only legally recover in this case by producing something more than a scintilla of evidence that her alleged injury was in consequence of some of the furniture, paraphernalia or appurtenances of the boat being out of order or out of place ; and having failed to produce any such evidence, the verdict should be for the defendant." Refused. [1]

4. Request for binding instructions. Refused. [2]

Verdict and judgment for plaintiff for $300. Defendant appealed.

*Errors assigned* were (1, 2) answers to points, quoting points and answers as above.

*M. Hampton Todd*, with him *W. B. Broomall* and *W. I. Schaffer*, for appellant.—The surrounding circumstances irrefutably proving that the husband was in error when he inferred that the gang plank caused the accident, and the fact being that the accident could not have happened in the way plaintiff and her husband allege it did, the court should have directed a verdict for defendant: Myers v. B. & O. R. R. Co., 30 W. N. 492.

Plaintiff's case is clearly within the rule laid down in Pa. R. R. v. McKinney, 124 Pa. 462. No presumption of negligence on the part of the defendant arose from the mere happening of the accident, and no negligence has been proven. See also Thomas v. P. & R. R. R., 30 W. N. 9. He who alleges negligence as the basis of a claim for damages, is bound to prove it affirmatively : D. L. & W. R. R. v. Napheys, 90 Pa. 142. When in the opinion of the court the uncontradicted evidence does not warrant the jury in inferring negligence by the defendant as the proximate cause of an injury, the court should direct a verdict for him : Goshorn v. Smith, 92 Pa. 435.

*Allen H. Gangewer*, for appellee, filed no paper book.

OPINION BY MR. JUSTICE GREEN, February 13, 1893 :

The plaintiff was one of a party of excursionists who were riding upon the defendant's steamboat between points on the Delaware river on a moonlight evening in the month of August, 1890. There were about two hundred persons on board the boat. When the vessel touched at a place called Billingsport the excursionists left the boat and walked to Lincoln Park,

about a mile distant, but returned again and went upon the vessel. A gang plank was laid from the boat to the wharf, over which the party walked to get on the boat. The plaintiff desiring to go upstairs walked from the end of the gang plank on the deck toward the stairs, and while doing so she stumbled and fell forward. She put out her hand to break the fall and struck the staircase and broke one of the bones of her wrist. She did not know what caused her to fall, but her husband, who was with her, came downstairs immediately after to see what there was to cause her to fall, and saw the other gang plank of the vessel lying on the deck, and testified that it was lying across the path to the stairs, and thereupon he said she fell over that. His testimony upon that subject could only be a matter of opinion because he did, as a matter of fact, not see what she stumbled or fell over at the moment of the accident. But as it was possible she might have struck her foot against the edge of the plank, and the verdict of the jury could only be based upon such a finding, it may be assumed that such was the fact. The question then arises, is the presence of the gang plank of a steamboat lying flat upon its surface on the deck of the vessel a fact, which, of its own force, establishes an allegation of negligence, even though it did lie across the path to the staircase leading from the lower to the upper deck. There was no proof that the plank was improperly constructed or of unusual height. There was no proof that it was in an unusual place. On the contrary the plaintiff's husband said: "It was in the same position the gang plank usually was, but it was lying right across the stairway."

The mate, Charles Huron, testified that he had the plank drawn in. He was asked: "Q. Is that the usual and ordinary place to carry a gang plank? A. Yes, sir. The usual place is to drag it right in—right across the deck and leave it lie. Q. In what part of the boat? A. In the forward part of the boat. Q. Was this placed in its ordinary place. A. It was. Q. And where you usually carried it? A. Yes, sir. It was never anywhere else; only sometimes when by request they were moved in order that they could dance there. Q. But there was no dancing on the boat that evening? A. No, sir."

Captain Kelly said it was in its usual place.

William P. Somers, a master of steamboats for thirty year-

and of this one for several years, was asked: " Q. Where was the proper place, the usual and ordinary place to carry the gang planks when the vessel was lying at a wharf, as it has been described here? A. Flat on the deck, if you did not have to use them. Q. On what portion of the deck? A. Any part of the forward deck."

It is true that the plaintiff's husband testified that the gang plank lay right across the path to the staircase. All the other witnesses examined on that subject, four of them, testified that it did not lie in that position but outside that pathway, but we do not attach any essential consequence to the particular location of the plank. If it was in the position testified to by the plaintiff's husband, only two feet in front of the end of the other gang plank leading from the wharf to the boat, all the passengers who got off the boat and returned must necessarily have passed over it. Yet none of them stumbled or fell over it so far as the proof goes, and its location cannot be regarded as either necessarily or probably the occasion of persons stumbling over it. But a gang plank is a highly necessary, and, indeed, indispensable appliance of a steamboat engaged in the transportation of passengers and freight. There is no other place for it to lie, when not in use, except the deck of the boat, and passengers must be assumed to know the fact that such planks are in use and are present on the deck in the near vicinity of those portions of the vessel from which landings are made. There are many other appliances on the deck of a vessel which project above the surface, such as coils of rope or chain, snubbing blocks, capstans, hatchways, etc., and passengers are bound to take notice of them and to avoid stumbling over them. We cannot consider that the mere presence of any of these necessary and usual appliances upon the deck of a vessel, if in ordinary and usual condition, confers any right of action upon a passenger who trips or stumbles over them. It cannot be said that it was too dark to see this plank, because the plaintiff's husband says that he saw it immediately after the accident when he came back to see what caused it. He described minutely the position of the plank about two feet in advance of the other plank, lying across the path of the stairway, and the height of the plank. If he could see all these particulars, he could see the plank. He said there were no

lights, but all the other witnesses said there were a number, and he and all the others said it was a moonlight night. The case then is simply this, that a passenger on a steamboat stumbled over a gang plank of ordinary construction, and lying on the deck of the vessel in close proximity to the place where it must be used, and there was no proof that it was negligently or unusually constructed or handled, nor any other proof of any specific negligence of the defendant which produced the plaintiff's fall. We can only regard the case as a mere accident not induced by negligence and therefore without remedy in damages. In the case of the borough of Easton v. Neff, 102 Pa. 474, an old lady stumbled or stepped into a gutter lying across the sidewalk of a street and fell and was injured. She brought an action against the borough and was bound to prove some specific negligence in order to recover. The court below left it to the jury to say whether there was any necessity for the construction of the gutter at that place, and on that kind of proof the plaintiff recovered a verdict. The judgment was reversed by this court for error in that instruction. Our late Brother CLARK, in the course of his opinion, said : " Was there in the circumstances of the injury any proof of negligence on the part of the borough of Easton in the construction of this crossing ? There can be no inference of negligence from the mere fact of the injury ; municipalities are not insurers, they are simply responsible for injuries arising from the negligence of the corporate officers, and the burden of proving that negligence is upon those who allege it. An injury may occur from purely accidental causes, in which no fault can be imputed to any one ; we are all liable to the ordinary accidents of life. Was this such an accident, or was it the result of the defendant's negligence ? Was this gutter constructed in the usual and ordinary way ? Was it reasonably safe and secure ? "

Of course gutters and curbstones are necessary in paved sidewalks in towns, but the mere fact that a foot passenger steps into one, or stumbles over the other, whether by night or day, confers no right of action. There must be further affirmative proof of specific negligence in their construction before a recovery can be had. So here a gang plank properly constructed, as far as the evidence goes, lying on the deck where it had to be and in its usual position according to the

testimony, and being a necessary appliance of the business, cannot, without more, confer a cause of action merely because a passenger falls over it. As well might it be claimed that if the plaintiff had stumbled over a coil of rope, or a snubbing block, or a chair in the saloon, she could recover damages for the fall without proof of specific negligence. We are of opinion that there is no proof of negligence in this case such as can establish liability on the part of the defendant. The assignments of error are sustained.

Judgment reversed.

Mr. Justice Sterrett dissented.