## Hall v. Bessemer & Lake Erie Railroad Company, Appellant.

*Negligence—Railroads—Unlighted platform—Passenger.*

When a passenger has alighted from a train the relation of passenger and carrier remains until he has left the premises of the carrier.

Platforms of a railroad station should at night be reasonably lighted for a sufficient time before and after the arrival of trains to enable passengers to avoid danger.

In an action by a passenger against a railroad company to recover damages for personal injuries sustained by falling over a piece of baggage while proceeding across a station platform from a train to a street, the case is for the jury, and a verdict and judgment will be sustained where the evidence tends to show that the three platform lamps were not lighted, that the only light on the platform was that which emanated from a light within the station, that the night was dark, and that if the platform had been properly lighted, the accident would not have occurred.

Argued April 14, 1908. Appeal, No. 185, April T., 1908, by defendant, from judgment of C. P. Crawford Co., Feb. T., 1907, No. 63, on verdict for plaintiff in case of Francis M. Hall v. The Bessemer & Lake Erie Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PRATHER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*George F. Davenport,* for appellant.—There is not a particle of evidence that the platform was not sufficiently lighted for purposes of safety of the plaintiff, if a stranger had not put an obstruction there. If this were the first act of obstruction by a third party, it requires no citation of authorities to support the proposition that the defendant would not be liable. To enable the plaintiff to recover he must show that the practice complained of has been engaged in by strangers for such a length of time as to give notice to the defendant, express or constructive. The scienter is the gist of the action. In this case the plaintiff stands solely upon constructive notice: P. & R. Railroad Co. v. Hummell, 44 Pa. 375; Fredericks v. Railroad Co., 157 Pa. 103; Southern Ry. Co. v. Rhodes, 86 Fed. Repr. 422; Carpenter v. Railroad Co., 97 N. Y. 494; Ayres v. Railroad Co., 77 Hun (N. Y.), 414; Green v. Railroad Co., 214 Pa. 240.

*J. W. Smith,* with him *F. J. Thomas,* for appellee.—Station houses as well as platforms, etc., should at night be reasonably lighted for a sufficient time before and after the arrival and departure of trains to enable passengers to avoid danger: Stuart v. Railroad Co., 37 Am. Rep. 753; Louisville, etc., Ry. Co. v. Treadway, 40 N. E. Repr. 807; Sullivan v. Canal Co., 72 Vt. 353 (47 Atl. Repr. 1084); Peniston v. Railroad Co., 34 La. Ann. 774, 777; Washington, etc., R. R. Co. v. Hickey, 166 U. S. 521 (17 Sup. Ct. Repr. 661); Conowingo Bridge Co. v. Hedrick, 95 Md. 669 (53 Atl. Repr. 430); Alabama G. S. R. R. Co. v. Arnold, 80 Ala. 600 (2 So. Repr. 337); Waller v. Railway Co., 59 Mo. App. 410; Hoag v. Railroad Co., 85 Pa. 293.

The question as to whether the platform was sufficiently lighted was a question of fact for the jury: Wallace v. Wilmington, etc., R. R. Co., 8 Houston (Del.), 529 (18 Atl. Repr. 818).

If there was a custom of placing obstacles upon the platform that had existed and continued for such a length of time that defendant knew or should have known thereof, it was

obliged to provide lights to enable passengers to avoid the same, even if such acts were not such as should reasonably have been foreseen: Snow v. Fitchburg R. R. Co., 136 Mass. 552; Carpenter v. Boston & Albany R. R. Co., 97 N. Y. 494; Shaw v. Chicago & G. T. Ry. Co., 123 Mich. 629 (82 N. W. Repr. 486; 49 L. R. A. 308); Exton v. Central R. R. Co., 62 N. J. L. 7 (42 Atl. Repr. 486).

There was ample evidence of such custom, and for that reason alone, the court cannot be convicted of error in refusing defendant's point in bar of plaintiff's right of action.

OPINION BY BEAVER, J., May 15, 1908:

Upon a dark evening in January of 1906, the plaintiff alighted from a passenger train of the defendant at its station in Conneautville. The platform of the station is some eighty feet in length. It appears by the testimony, and is practically conceded in the appellant's argument, that, although there were three outside lamps at the station buildings, none of them were lighted on this occasion and the only light upon the platform came from a lamp in the operator's room. In making his way from the train over the platform to the street, the plaintiff struck his foot against an obstacle said to be a suit case belonging to another passenger which had been deposited by the porter of the hotel. The plaintiff was seriously injured, his kneecap being broken, and was confined to his house for a number of weeks attended by a surgeon, and losing time from his profession and suffering pain and inconvenience.

The statement of claim bases the plaintiff's right to recover upon the failure of the company to light the station premises sufficiently and in allowing the obstruction to be placed upon the platform. The court narrowed the right of recovery to the failure of the defendant to light the platform, so as to enable the plaintiff to safely make his way.

The plaintiff's third point, which was: "If the jury find from the evidence that the night of January 5, 1906, was a dark night at the time of the arrival of the southbound train on defendant's railroad at the Conneautville station, and that it was necessary that the passenger platform at said station be

reasonably well lighted, in order to render the same ordinarily safe for passengers alighting from said train and seeking egress from said train to the street, and that defendant at said time failed and omitted to provide any light for said platform and that the plaintiff was a passenger on said train and, while walking along said platform towards the street, without negligence on his part, he stumbled and fell over some baggage or sample cases deposited on said platform so as to create an obstruction thereon, and received the injuries complained of in this suit, and that had said platform been reasonably well lighted at said time, said fall and injury would have been averted, then the jury should find for the plaintiff," was affirmed. The answer to this point is not assigned for error. The only assignment is the failure of the court to affirm the defendant's fifth point, which was: "That under the law and the evidence the verdict must be for the defendant."

The appellant's argument is based upon five distinct propositions: "(1) That the platform was in good condition; (2) That it was sufficiently lighted for the safety of plaintiff, had not the wrongful act of Boyles intervened; (3) That appellant was not required by law to anticipate his act; (4) That there was not sufficient evidence of such acts to impute notice to the defendant; (5) That, without such notice, the defendant is not liable and its fifth point should have been affirmed."

The court practically eliminated the last three propositions, by affirming the defendant's third point, which was: "There was no duty resting on the defendant company to anticipate wrongful acts of third parties in placing obstructions on the platform and to take precaution against such acts, and there is no evidence in this case of such a succession of such acts for a period sufficiently long to charge the defendant with notice."

The first proposition, that the platform was in good condition, except as to the lighting, was not seriously denied. The second proposition, that it was sufficiently lighted for the safety of plaintiff, had not the wrongful act of Boyles intervened, is a practical admission of the necessity for submitting this question to the jury. What is sufficient light, under the circumstances, for a railroad station, situated as this was? This is

clearly not a question of law. It was alleged on the part of the plaintiff that there was no light whatever, except such as emanated from an inside light maintained for the use of the telegraph operator. The defendant, by the very form of its proposition, admits that some light was necessary and asserts that the light from the window in the operator's room was sufficient. This was clearly for the jury, under the law, as it has been established by numerous decisions, and as it was practically held by the court below, without complaint of the appellant here.

"The relation of carrier and passenger commences when a person, with the good-faith intention of taking passage, and with the express or implied consent of the carrier, places himself in a situation to avail himself of the facilities for transportation which the carrier offers. In case of a railroad, this relation arises not merely when the passenger enters the train with the ticket already purchased, giving him the contract right to ride, but when he enters upon the premises of the carrier with intention to take a train in due course: " 6 Cyc. 536.

It is equally true that, when a passenger has alighted from a train, the relation of carrier and passenger remains until he has left the premises of the carrier.

"The care required of the carrier for the protection of the passenger on his premises involves reasonable care to provide and maintain safe and adequate station-houses, platforms, walks, steps, and landings for use in waiting for, approaching, and leaving trains, or other means of conveyance in which the transportation is to be or has been furnished. Thus, it may be necessary for a railroad company, at the usual stopping places, to furnish platforms suitable and adequate for the purpose, and to stop the train at such platform. Station-houses, as well as platforms, walks and other approaches, should at night be reasonably lighted for a sufficient time before and after the arrival and departure of trains to enable passengers to avoid danger. The carrier must use reasonable care in avoiding or controlling crowds of persons at its stations imperiling the safety of passengers. The carrier will be liable if a passenger is injured by reason of the throwing of mail pouches from postal cars in such a way as to involve danger to passengers, if it has

permitted postal clerks carried on its trains to adopt an unsafe method of delivering such pouches: " 6 Cyc. 608.

Both of these fundamental propositions are supported by numerous authorities in many states and are not questioned by the defendant.

It was held in Nicholson v. Railway Co., 3 Hurlstone & Coltman's Reports, 534, quoted by Hutchinson on Carriers sec. 936: "Where the plaintiff was put down by the road on the side of the train opposite the station, and in attempting to pass around its rear so as to reach the station while the train remained stationary, in the dark fell over some hampers which had been permitted to remain near the platform and was injured, it was held, in an action by him against the company for not sufficiently lighting its station, and for not providing proper and sufficient accommodations for its passengers to depart safely from the station after their arrival, that he could recover for the injury." This ruling has been followed almost universally in this country. As already intimated, the duty of lighting the station is not denied, but it is alleged that it was sufficiently lighted, because of the light maintained in the operator's room.

The verdict in this case establishes three things: (1) that the defendant was negligent in failing to light the platform upon which the plaintiff alighted from its train; (2) that the plaintiff was not negligent; and (3) that the injury to the plaintiff would have been averted, if the platform had been reasonably well lighted at the time. These propositions are all contained in the plaintiff's third point, which was affirmed, and, as we have already said, the answer of the court thereto is not assigned for error. It is not an answer to these facts, which are fixed by the verdict of the jury, that the accident would not have happened, if a third party had not deposited a suit case or other item of baggage over which the plaintiff stumbled and fell. The defendant's liability for that act is not determined in this case and it is not necessary, therefore, for us to discuss it. As already said, the affirmation of the defendant's third point eliminated this question from the case. The judgment rests entirely upon the negligence of the defend-

ant, the freedom from negligence of the plaintiff and the fact, as found by the jury, that, if the platform had been reasonably well lighted, the accident would not have occurred. These three facts taken together we think establish the liability of the defendant, without more.

In view of the general principles which we have stated, we think the court would not have been justified in affirming the defendant's fifth point and, as there are no assignments of error, either as to the general charge or the answers to any of the plaintiff's or other of the defendant's points, we think the case was properly submitted to the jury.

Judgment affirmed.