# Clunn *v.* Williamsport & North Branch Railroad Company, Appellant.

*Railroads—Passengers—Injury at station—Question for jury.*

1. Where a passenger alights at a station, and waits a short time until the train starts again, and then proceeds to leave the station platform while there was still a considerable crowd of people upon it, and falls over a movable step or stool, left on the platform by the station master or his agent, it is for the jury to determine whether the company was negligent in failing to remove the step or stool or leave anyone in charge of it after the train had departed and it could no longer serve any useful purpose on the platform.

2. A person entitled to passage on a train between two places is entitled to the protection due to a passenger from the starting point to the appropriate and usual stopping place at the final destination, and until he has left the carrier's depot, station or premises or has had reasonable time and opportunity to do so.

Argued Feb. 23, 1909. Appeal, No. 12, March T., 1908, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1905, No. 102, on verdict for plaintiff in case of Helen Gordon Clunn v. Williamsport & North Branch Railroad Company, Lessee of Eaglesmere Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HART, P. J.

At the trial plaintiff presented these points:

1. That the defendant company is bound to keep its stations and premises in proper and safe condition at all times for the use of the patrons of its road; and, generally, that defendant company is bound, as to its passengers or persons upon its premises by invitation, to see to it that its premises are in such condition in all respects that a person, in the exercise of ordinary care, can leave the premises without injury. *Answer:* This point is affirmed. [2].

2. That if the jury find from the evidence in this case that the plaintiff, Helen G. Clunn, was on September 5, 1905, a passenger on defendant's railroad, and alighted at defendant's station, at Eaglesmere, and that whilst making a way along the station platform, without any negligence on her part, suffered personal injury in consequence of falling over a portable step or stool, negligently placed or left on said platform by the defendant company, then, the plaintiff is entitled to recovery for such injury. *Answer:* This point is affirmed. [3]

*Errors assigned* were (1, 2) above instructions, quoting them and (3) in refusing binding instructions for defendant.

*Seth T. McCormick, Jr.,* with him *Seth T. McCormick,* for appellant.—The evidence in the case clearly establishes the fact that the appellee had ceased to be a passenger at the time the accident occurred: Green v. R. R. Co., 214 Pa. 240; Chicago, etc., R. R. Co. v. Barrett, 16 Ill. App. 17; Jeffersonville, etc., R. R. Co. v. Parmalee, 51 Ind. 42; Kaase v. Ry. Co., 92 S. W. Repr. 444; C., K. & W. R. R. Co. v. Frazer, 2 A. & E. R. R. Cases (N. S.), 206; Lucas v. R. R. Co., 72 Mass. 64; Griswold v. Ry. Co., 64 Wis. 652; Doss v. R. R. Co., 59 Mo. 27; R. R. Co. v. O'Malley, 107 Ill. App. 599; Houston, etc., R. R. Co. v. Phillio, 59 L. R. A. 392; Freemot, E. & M. V. R. R. Co. v. Hagblad, 101 N. W. Repr. 1033; Moreland v. R. R. Co., 141 Mass. 31; D., L. & W. R. R. Co. v. Napheys, 90 Pa. 135; Hayman v. R. R. Co., 118 Pa. 508; Thomas v. R. R. Co., 148 Pa. 180; Fleming v. Ry. Co., 158 Pa. 130; Ault v. Cowan, 20 Pa. Superior Ct. 616; Bernhard v. R. R. Co., 159 Pa. 360; Green v.

R. R. Co., 214 Pa. 240; Wall v. Lit, 195 Pa. 375; Alexander v. Water Co., 201 Pa. 252; Stearns v. Spinning Co., 184 Pa. 519.

This case is absolutely ruled by the two cases of Seddon v. Bickley, 153 Pa. 271, and Pitkin v. R. R. Co., 87 N. Y. Supp. 906, 94 App. Div. 31 (N. Y. Supp., 1904).

*John J. Reardon,* for appellee.—That plaintiff was a passenger on defendant's train, that she got off the train at the end of her journey at the appointed time and place for passengers to alight, the exact cause, time and place of the injury, are all established facts in this case beyond controversy, and that she had a reasonable time within which to depart from the station is a necessary legal conclusion: Gillis v. R. R. Co., 59 Pa. 129; Rathgebe v. R. R. Co., 179 Pa. 31; Powell v. Ry. Co., 220 Pa. 638; Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497.

OPINION BY HEAD, J., July 14, 1909:

On the morning of the day on which the plaintiff was injured, she started, with a companion, Mrs. Ross, to go by the defendant's road from its Forrest Inn station to Eaglesmere, at the foot of the lake. They intended to return up the lake, by boat, to their temporary summer home near the first-named station. Some friends, perhaps more particularly of Mrs. Ross, were finally leaving the resort by the same train on that morning.

The train duly arrived at the station and the plaintiff and her companion had alighted and reached the station platform in safety. They did not undertake instantly to leave the station premises, but, during the few moments of the train's stop, the plaintiff testifies she stood quietly on the platform whilst Mrs. Ross was making her farewells to her friends aboard. When the train pulled out they remained standing and watching it until it had rounded a curve some distance away and disappeared from view. According to the testimony there was still a considerable crowd of people on the platform which then began to disperse.

The plaintiff testifies that she and her friend started to move towards their point of exit from the station premises. That

although she was using her eyes in the ordinary way to see where she was going, owing to the number of people just in front of her, she failed to notice a movable step or stool, standing on the platform, over which she stumbled and fell, from which fall she suffered the serious injuries she describes.

This step appears to have been used to aid passengers to more comfortably enter and alight from the cars. It was of the same general design as, although perhaps a little larger and heavier than, those with which Pullman cars are usually provided. In this case, however, it seems to have been part of the equipment of the station rather than of the train, and was apparently under the control of the station master and his assistants.

Was the plaintiff, at the time of her injury, a passenger? Unless it can be said the defendant's contract of carriage was completed the moment she alighted in safety on its platform at the station of her destination, it is difficult to escape the conclusion that the answer must be in the affirmative. The general rule on this subject is thus stated in Moore on Carriers, 554: "A person entitled to passage on a train . . . . between two points is entitled to the protection of a passenger from the starting point to the appropriate and usual stopping place at the final destination, . . . . and until he has left the carrier's depot, station or premises or has had reasonable time and opportunity" to do so. Many cases are cited to show the universality of this, and we do not think its soundness can be questioned. In Hall v. Bessemer, etc., R. R. Co., 36 Pa. Superior Ct. 556, this court, per Beaver, J., said: "It is equally true that when a passenger has alighted from a train, the relation of carrier and passenger remains until he has left the premises of the carrier." See also 5 Am. & Eng. Ency. of Law, 499, where it is said, as a summary of a number of cases, that the relation continues "until the passenger has had a reasonable opportunity to leave the carrier's premises in the proper manner and by the route usual and proper in such cases.

In the fair application of this rule to the facts presented in the plaintiff's evidence, there seems to us to be little room for the contention that she had lost her rights to the protection due to a

passenger, by remaining on the station platform during the few moments that intervened between the arrival and departure of the train. Certainly if she had sought the protection of the station shed, for the same period of time, to escape a fall of rain or snow none would have questioned her status. We cannot see why, on the same principle, she could not remain where she was, until the bustle incident to the departure of the train was over, rather than push her way through a crowd many members of which, with their luggage, would be hurrying to board the train. On this branch of the case there was no place for binding instructions in favor of the defendant, because even if the evidence had furnished any foundation for the conclusion that the plaintiff had remained on the platform for an undue or unreasonable length of time, such conclusion would be one of fact to be reached by the jury under proper instructions: Powell v. Ry. Co., 220 Pa. 638.

If then the plaintiff was a passenger, at the time of her injury, was she guilty of any act of negligence that contributed to it? On this subject the evidence, although not voluminous, was conflicting. This necessarily sent this branch of the case to the jury and it was submitted under instructions of which there is no complaint.

Finally it is contended the case of the plaintiff fails to meet the requirements of the rule that one who rests his right to recover on the alleged negligence of another, must prove affirmatively the negligence he complains of. It is undeniably true that there are some exceptions to this rule, e. g. where a passenger riding on a train is injured in a collision, by the breaking of any of the machinery of transportation, etc. In such cases, because the party injured is usually wholly unable to explain the cause of the injury, whilst at the same time such knowledge is peculiarly within the grasp of the carrier, the law raises a presumption of negligence from the happening of the injury and casts the burden of excusing itself or showing it was without fault on the carrier: Sullivan v. Phila. & Read. R. R. Co., 30 Pa. 234; Railroad Co. v. Napheys, 90 Pa. 135. But where the act of carriage has been completed, or has not yet begun, and a plaintiff, even though a passenger and on the carrier's premises, suffers an in-

jury from causes as well known to him as to the carrier or its servants, there is no longer a sound reason for resorting to the legal presumption of negligence to aid his case. He must then prove the negligent act complained of or his case fails: Hayman v. Penna. R. R. Co., 118 Pa. 508; R. R. Co. v. Napheys, supra; Graham v. Penna. Co., 139 Pa. 149; Seddon v. Bickley, 153 Pa. 271; Green v. B. & O. Railroad Co., 214 Pa. 240.

In all of the above cases the court held that the plaintiff's case was not within the exception and could not rest on the legal presumption of negligence. In the absence of proof of any negligent act by the defendants named they were declared to be without liability.

In the case at bar we think the learned trial court properly held that the plaintiff's case must measure up to the requirements of the rule and could not rest on the exception. He, however, submitted to the jury, as a matter for their determination, under all of the circumstances, whether or not the defendant's servants were negligent in failing to remove the stool or step, or leave anyone in charge of it, after the train had departed and it could no longer serve any useful purpose on the platform. Notwithstanding the very able argument, advanced by the learned counsel for appellant, we are unable to escape the conclusion that this was a correct disposition of the question.

Had the plaintiff arrived after night, found the platform poorly lighted and fallen over this obstruction, the case would have been ruled by Hall v. Bessemer, etc., R. R. Co., 36 Pa. Superior Ct. 556. If the testimony of the plaintiff be believed, the presence of the crowd on the platform left her without the protection that might have otherwise been afforded by the use of her eyes, just as effectually as the absence of light would have done. The conditions shown by the evidence to have existed at the Eaglesmere station on the morning of the accident, were in no way so abnormal or unusual, in the business of a railroad company at a summer resort, as to relieve the defendant of the responsibility that would seem to have fairly rested upon it.

For the reasons thus indicated we think the learned trial court could not have, with propriety, directed a verdict in favor of the

defendant. The assignments of error, which are all based on the refusal of the court to so dispose of the case, must therefore be overruled.

Judgment affirmed.