## Rhoads *v.* Cornwall & Lebanon Railroad Company, Appellant.

*Negligence—Railroad—Passenger—Accident on platform of station.*

1. As a general rule the relation of carrier and passenger begins as soon as one intending in good faith to become a passenger enters in a lawful manner upon the carrier's premises to engage passage, and that relation continues to exist until the passenger has been made aware of his arrival at the place of destination and has had a reasonable time to alight from the car and to leave the premises of the carrier, and what is a reasonable length of time is a question of fact to be determined by the jury.

2. In an action against a railroad company to recover damages for personal injuries the case is for the jury and a verdict and judgment for plaintiff will be sustained where the evidence shows that the plaintiff was an elderly woman, crippled and compelled to walk with a cane; that just before the accident she was assisted to alight from the car in which she was a passenger by the conductor and brakeman; that immediately after she reached the platform the brakeman gave a signal for the train to start, and either in doing so, or in running to get on the train he knocked the defendant down, breaking her leg; and that the whole time of the stoppage of the train at the station was about one minute.

Argued Oct. 25, 1911.   Appeal, No. 298, Oct. T., 1910,

by defendant, from judgment of C. P. Lebanon Co., Sept. Term, 1905, No. 168, on verdict for plaintiff in case of Susan Rhoads (the death of Susan Rhoads suggested on the record before trial and the name of Emanuel C. Ney, Administrator of Susan Rhoads, substituted) v. Cornwall & Lebanon Railroad Company.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before HENRY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $725.  Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*E. E. McCurdy,* for appellant, cited: Glenn v. R. R. Co., 2 L. R. A. (N. S.) 872; Heinlein v. R. R. Co., 147 Mass. 136; Penna. R. R. Co. v. Zebe, 33 Pa. 318.

*Warren G. Light,* with him *Walter C. Graeff,* for appellee.—Whether or not the relation of carrier and passenger had ceased at the time of the accident in this case was a question of fact for the jury to determine: Powell v. P. & R. Ry. Co., 220 Pa. 638; Clunn v. R. R. Co., 39 Pa. Superior Ct. 591; Phila., etc., R. R. Co. v. Alvord, 128 Pa. 42.

OPINION BY HEAD, J., November 9, 1911:

At the time of the injury which is the foundation of this action the plaintiff, Susan Rhoads, was a woman far advanced in years and so crippled by an injury to her hip joint that she was unable to walk without the aid of a cane.  On the day of the injury she with her daughter and granddaughter were passengers on a train of the defendant company, their destination being Cornwall. When the train reached the station the old lady was as-

sisted from the car by the conductor and brakeman and safely deposited on the platform of the station a few feet from the steps of the car. According to the testimony furnished by the employees and records of the defendant company, the train on that occasion stopped not longer than one minute at the said station. As already indicated, some considerable portion of this brief period must have been consumed in getting the plaintiff from her seat in the car to the station platform. As soon as they alighted the daughter of the plaintiff went forward towards the baggage car to see if their baggage had arrived, leaving her mother with the granddaughter standing on the platform. There was testimony from which the jury could find that the brakeman then signaled with his arms to the engineer to start the train and turned to mount the platform. Either in making the signal or in turning suddenly to reach the car steps, he jostled the old lady so violently that she fell to the ground and suffered a fracture of one of her limbs.

This action was brought by her in her lifetime to recover damages for that injury. The defendant contended in the court below and contends here that under the facts as we have indicated them it became the duty of the learned trial judge to instruct the jury that the defendant's contract of carriage had been completed when the plaintiff alighted in safety on its platform; that the relation of carrier and passenger thereupon ceased; and that thereafter the defendant would be liable only for the consequences of gross or wanton negligence on the part of its servants. The learned trial judge declined to so hold but left it to the jury as a question to be determined by them whether under all the evidence the plaintiff had a reasonable time to have safely left the platform before the injury occurred. A verdict for the plaintiff followed upon which judgment was entered.

The several assignments of error here are based upon the refusal of the learned court below to affirm a number of points all aiming at the legal conclusion already indi-

cated.  In our view this case is ruled by Powell v. P. & R. Ry. Co., 220 Pa. 638, and our own case of Clunn v. Williamsport & North Branch R. R. Co., 39 Pa. Superior Ct. 591.  Following the doctrine of these cases, the learned trial judge was clearly right in submitting to the jury under proper instructions the determination of the question whether or not the plaintiff had a reasonable time to leave the premises of the defendant before the injury occurred.  A single excerpt from the opinion of Mr. Justice ELKIN in the case first mentioned will be sufficient to show that the learned trial judge could not have disposed of the case otherwise than as he did: "The general rule is that the relation of carrier and passenger begins as soon as one, intending in good faith to become a passenger enters in a lawful manner upon the carrier's premises to engage passage, and that relation continues to exist until the passenger has been made aware of his arrival at the place of destination and has had a reasonable time to alight from the car and to leave the premises of the carrier, . . . . and what was a reasonable length of time was a question of fact to be determined by the jury."  The assignments of error are all overruled.

Judgment affirmed.