JAMES M. LUDDY *vs.* OLD COLONY STREET RAILWAY COMPANY.

Bristol.    October 23, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & DECOURCY, JJ.

*Negligence,* Street railway.

In an action against a street railway corporation for personal injuries sustained while the plaintiff was being transported as a passenger in a vestibule car of the defendant, it appeared that the plaintiff's injuries were caused by the falling upon him of a bundle about six and a half feet long and about three and a half inches in circumference, which consisted of three sections, tied together, of a pole used for trimming branches of trees and was placed in the vestibule of the car by an employee of a telephone company who was a passenger on the car, that the plaintiff was sitting on a side seat of the car next the rear door, that the telephone employee entered the rear vestibule of the car and remained standing there with this bundle in the presence of the conductor, that the conductor entered the car and went to the forward end of it to collect the fares of passengers, that after the conductor had entered the car for this purpose the telephone employee "stood up" the bundle with one end resting on the floor and the other end against the back framework of the vestibule, entered the car and took a seat near the door, that, when the car made its next stop, the bundle fell forward through the rear door of the car, which was open, and struck the plaintiff's leg, causing the injuries sued for. A judge, to whom the case was submitted upon an agreed statement of facts, found for the defendant, and from a judgment entered in accordance with this finding the plaintiff appealed. *Held,* that it could not have been ruled as matter of law that the defendant was negligent, that the question was one of fact, and that the judge in finding for the defendant was not shown to have made any error of law.

TORT for personal injuries sustained by the plaintiff on September 16, 1907, while the plaintiff was being transported as a

passenger on a vestibule car of the defendant, alleged to have been caused by the negligence of the servants of the defendant in permitting a pole or post to be carried on its car without being properly fastened and in such a dangerous manner that it fell and struck the plaintiff. Writ dated October 18, 1907.

In the Superior Court the case was submitted to *Aiken*, C. J., upon the following agreed statement of facts:

The plaintiff was a passenger on a closed street railway car of the defendant on September 16, 1907, on his way from Taunton to Brockton. The car was a double truck, four motor, electric car, with air brake, about forty feet long, with a closed vestibule at each end of the car, which passengers entered by a door on either side of the vestibule. The floor of the vestibule was about three or four inches lower than the level of the car floor. The vestibule was about four feet deep and about eight feet high in the clear and extended the width of the car, which was an ordinary closed vestibule car. The door from the vestibule into the car was about seven feet high and two and a half feet wide. The seats in the car were arranged as follows: In each of the four corners of the car was a seat running lengthwise of the car about five feet long, between these four corner seats were cross seats, each accommodating two persons, on each side of the car, about ten in number, with an aisle between them.

The plaintiff entered the car at Taunton and took one of the corner seats near the rear door, and at the end of that seat nearer the door. One McEachern, an employee of the Long Distance Telephone Company, entered the car about three miles from Brockton, getting into the rear vestibule and standing in the vestibule after the car started. He had with him a bundle which was tied together and was about six and a half feet long and about three and a half inches in circumference. This bundle was made up of three sections of a pole which was used by McEachern in trimming small branches of trees preparatory to the stringing of telephone wires, and when in use the sections were jointed by brass ferrules, making one continuous tool about twenty-one feet long, with a clipper on the end for the purpose of cutting small branches. When not in use the sections were disjointed and tied up and carried in McEachern's hand. They were in the last named condition when McEachern entered

the car on the day of the accident. When McEachern entered the rear vestibule, the conductor was in the rear vestibule, and McEachern remained standing there with this bundle. Shortly after, the conductor entered the car and went to the forward end of it to take the fares of passengers. After the conductor had entered the car for this purpose, McEachern stood up the bundle between the brake staff and the controller, with one end resting on the floor of the vestibule and the other end against the back framework of the vestibule and extending nearly to the top of it, and then entered the car himself by the rear door and took one of the corner seats above named, near the rear door. When the car made the next stop to take on a passenger, very shortly after, the bundle left by McEachern in the vestibule fell forward through the rear open door of the car and into the car and struck the plaintiff upon the leg, and he received the injuries sued for.

The car was of ordinary construction, such as is usually seen on street railway lines from city to city, and left Taunton at twelve o'clock, noon. The accident happened about 12.45 P. M. The day was fair and at the time of the accident the car was making a stop in the ordinary and usual way.

Upon these facts the parties agreed that if the plaintiff was entitled to judgment, it should be entered for him in the sum of $400, without costs. If, on these facts, the plaintiff was not entitled to recover, judgment was to be entered for the defendant, without costs.

The Chief Justice found for the defendant and ordered judgment for the defendant. From the judgment entered in accordance with this order the plaintiff appealed.

*R. P. Coughlin,* (*L. H. Coughlin* with him,) for the plaintiff.

*F. S. Hall & T. J. Feeney,* for the defendant, were not called upon.

HAMMOND, J. Upon this agreed statement of facts it could not be ruled as matter of law that the defendant was negligent. That question was one of fact and not of law; therefore in finding for the defendant the judge is not shown to have made any error of law. See *Cunningham* v. *Connecticut Fire Ins. Co.* 200 Mass. 333, and cases there cited.

*Judgment affirmed.*