# Diffenderfer *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Passengers—Contributory negligence—Case for jury.*

In an action against a railroad company by a passenger to recover damages for personal injuries, a verdict and judgment for plaintiff will be sustained where the evidence tends to show that the plaintiff entered a crowded car at a station and took the only vacant seat,

which was in the portion of the car called the vestibule; that he was followed by another passenger who carried an iron frame 3 feet by 2½ feet, and this was placed in the vestibule opposite to plaintiff; that the frame stood on end and slanted; that at a subsequent station the train stopped suddenly, and with unusual violence and the frame was thrown against plaintiff's leg; and that the conductor and brakeman of the train had passed through the car and collected tickets after the frame had been put in the vestibule.

In such a case the plaintiff is not precluded from recovery on the ground of contributory negligence, because he saw the frame and did not call the attention of the trainmen to it.

Argued March 12, 1917.   Appeal, No. 1, Feb. T., 1917, by defendant, from judgment of C. P. Lycoming Co., June T., 1915, No. 86, on verdict for plaintiff in case of Stanton D. Diffenderfer v. Pennsylvania Railroad Company.   Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J., specially presiding.

At the trial it appeared that plaintiff was injured on April 24, 1914, while riding as a passenger in one of defendant's trains.   The circumstances of the accident are set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,388.98.   Defendant appealed.

*Errors assigned* were in refusing judgment for defendant n. o. v.

*Seth T. McCormick, Jr.,* for appellant.—The burden was on the appellee to prove, by substantive evidence, that the stoppage of the train was of such extraordinary character as to constitute negligence, in order to take the case to the jury, and the mere use of the words "unusually rough" is not sufficiently definite testimony to allow the jury to guess as to whether the stopping of the train, so described, was negligently done: Uffelman v. Phila. Rapid Transit Co., 253 Pa. 394; Work v. Boston Ele-

vated Ry., 207 Mass. 448; Mr. Justice Rugg in Foley v.
Boston & Maine R. R., 193 Mass. 332; Weinschenk v.
New York, New Haven & Hartford R. R., 190 Mass. 250.

Upon the general rule of law that a passenger who oc-
cupies a place of obvious danger and is injured as a re-
sult thereof is guilty of contributory negligence we cite
the following authorities: Shive v. Philadelphia & Read-
ing R. R. Co., 235 Pa. 256; Hopkins v. West Jersey &
Seashore R. R. Co., 225 Pa. 193; Lehigh Valley R. R.
Co. v. Greiner, 113 Pa. 600; Camden & Atlantic R. R.
Co. v. Hoosey, 99 Pa. 492.

*C. LaRue Munson*, of *Candor & Munson*, for appellee.
—The case was for the jury: Herstine v. Lehigh Valley
R. R. Co., 151 Pa. 244; Ault v. Cowan, 20 Pa. Superior
Ct. 616; Fern v. Penna. R. R., 250 Pa. 487; Clunn v. W.
& N. B. R. R. Co., 39 Pa. Superior Ct. 591; Burns v.
Penna. R. R. Co., 233 Pa. 304.

Opinion by Trexler, J., July 13, 1917:

Plaintiff boarded defendant's train at Sunbury. The
car was crowded, all the seats being filled except the seat
which the plaintiff took and which was in what he called
the vestibule of the car. He was followed by another
passenger who carried an iron frame 3 feet by $2\frac{1}{2}$ feet in
dimensions and this was placed in the vestibule oppo-
site the place where plaintiff was seated. The frame was
standing on end and slanting. At Northumberland the
train stopped suddenly and the frame was thrown
against plaintiff's leg and he was severely injured.
There was evidence that the conductor and brakeman of
the train had passed through the car and collected tick-
ets after the frame had been put in the vestibule and it
could be inferred from the circumstances that they knew
it was there. The question of the burden of proof does not
arise. The court in a fair and impartial charge in-
structed the jury that the duty of proving negligence was
on the plaintiff. Plaintiff contends that the presence of

the iron frame under the circumstances as developed in the testimony in connection with the sudden stopping of the train established the negligence of the defendant.

It is the duty of a carrier of passengers for hire to use a high degree of care: Carothers v. Pittsburgh Ry. Co., 229 Pa. 558; Clunn v. W. & N. B. R. R. Co., 39 Pa. Superior Ct. 591. This duty required a proper attention to the safety of passengers. The railroad company is not an insurer against all accidents. It nevertheless has charge of the passengers and has a duty to perform which involves a certain amount of supervision over the condition of the car apart from the mere appliances of transportation. Thus it was held in Burns v. Penna. R. R. Co., 233 Pa. 304, where a passenger places a suitcase in the aisle of a car that the question was for the jury as to whether the employees of the railroad company had real or constructive notice of its presence. See also Kantner v. Phila. & R. Ry. Co., 236 Pa. 283. If this be the rule in regard to the usual baggage of passengers, we think it would apply with equal or greater force to such unusual objects as are not ordinarily taken by passengers on trains. In Luddy v. Old Colony Ry. Co., 96 N. E. 675, a passenger was injured by a falling tool left standing in the vestibule by another passenger. The Supreme Court of Massachusetts held that the matter of the railroad's liability was for the jury. In Farrier v. Colorado Springs Ry. Co., 95 Pac. 292, a passenger on a street car was hurt by reason of a hoe held by another passenger. The hoe came in contact with the roof of the car thus causing a piece of the handle to fly off. It was there held that it was for the jury to determine whether the company was negligent. If we assume that the defendant's employees had knowledge of the iron frame in the position it occupied and were chargeable with the knowledge that it would be likely to fall and injure the plaintiff, its liability would necessarily follow.

As to the other feature of this case, the plaintiff claims it settles the question of negligence. If in the ordinary

operation of the train no injury to plaintiff would have followed from the placing of the iron frame in the end of the car, the fact that the defendant's car stopped so abruptly as to throw the frame against plaintiff's leg would with the other circumstances of the case support the verdict. In order to recover it must appear that the jerk caused by the sudden stopping of the car was unusual and extraordinary: Fornwalt v. Philadelphia R. T. Co., 65 Pa. Superior Ct. 559; Uffelman v. Philadelphia R. T. Co., 253 Pa. 394. We think there was enough evidence to show such a stop. The testimony discloses that the sudden stop caused the iron frame to be projected in a direction contrary to the way it was leaning; that quoting plaintiff's words, "the stop was unusually rough, very sudden, more rough than common, more jerky than common. It threw my little boy front and I grabbed him, caught the boy as he was going off the seat from the stoppage of the train. It was hard thrown. The frame fell on me when the train came to a sudden stop." The jury is entitled to judge of the severity of the jolt or by the effect which followed and thus give to general descriptive language, its proper interpretation and effect: Kleine v. Pittsburgh Rys. Co., 252 Pa. 214. There was no testimony as to the result of the sudden stop on the other passengers but the plaintiff explains that the partition of the vestibule prevented a view of the rest of the car. It was not incumbent upon the plaintiff to show the cause of the sudden stop: Murray v. Phila. & Reading Ry. Co., 249 Pa. 126. Taking all the circumstances into consideration, the physical facts, there is enough to support the conclusion that the stop was unusual and its violence uncalled for in the absence of any explanation to the contrary.

As to the contributory negligence of the defendant we find this feature of the case was properly submitted to the jury. That the plaintiff saw the iron frame and did not call the attention of the trainmen to it does not preclude recovery. His knowledge in the premises was not

presumed to be the same as the trainmen. The latter were accustomed to the running of cars and to the probable effect of the motion of cars upon standing objects. The passenger was not necessarily chargeable with the duty of anticipating that the train might make a sudden and unusually violent stop. He was in the only place offered to him owing to the crowded condition of the car. He had a right to rely upon the fact that he was in charge of the company and that they were required to exercise a high degree of care for his protection. Whether the danger was so obvious as to charge him with notice of it was for the jury.

All the assignments of error are overruled and the judgment is affirmed.